UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.  11-80981-CV-COHN

Magistrate Judge Seltzer

BLB, INC.,

    Plaintiff and Counterdefendant,

vs.

BETTER HEALTH BEVERAGE, LLC,

    Defendant, Counterplaintiff, and
    Third-Party Plaintiff,

vs.

BROOKE L. CHARVET (a/k/a Brooke Burke),

    Third-Party Defendant.
_____/

**ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR A
PROTECTIVE ORDER REGARDING ATTENDANCE AT MEDIATION
ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR ORDER
REQUIRING ATTENDANCE OF BROOKE BURKE AT MEDIATION**

**THIS CAUSE** is before the Court upon Plaintiff/Counter-Defendant BLB, Inc. and Third-Party Defendant Brooke Burke's Motion for a Protective Order Regarding Attendance of Brooke Burke at Mediation [DE 32], Defendant/Counter-Plaintiff/Third-Party Plaintiff Better Health Beverage, LLC's Response in Opposition and Request for Order Requiring Attendance of Brooke Burke at Mediation [DE 37/38], and BLB, Inc. and Brooke Burke's Reply in Support of their Motion for a Protective Order [DE 40]. The Court has carefully considered the motion and is otherwise fully advised in the premises.  The motion became ripe on March 5, 2012.

Plaintiff BLB filed this action for breach of contract against Better Health on August 30, 2011 [DE 1].  On September 21, 2011, Better Health filed an Answer,

Counterclaim, and Third-Party Complaint adding Brooke Burke as a third-party defendant [DE 8].  This Court entered a scheduling order and a referral to mediation [DE 15].  Pursuant to the Local Rules, the Mediation Order requires the "appearance of counsel and each party or a representative of each party with full authority to enter into a full and complete compromise."  Order Requiring Mediation, ¶ 4.  The parties met pursuant to this Order and agreed upon a mediator.  BLB and Burke preferred to have an early mediation, but Better Health wished a mediation in March after discovery had been completed.  BLB and Burke agreed to a March date, but informed counsel for BLB that Ms. Burke would be in Los Angeles in March filming *Dancing with the Stars*, and that another representative of BLB with full settlement authority would appear in her place.  Declaration of Martin Singer, Esq., ¶ 6 [DE 32-2].  BLB and Burke believed this matter to be resolved.

In February, Better Health contacted BLB and Burke to confirm Burke's attendance at the March 19 mediation.  BLB and Burke take the position that the Order only requires Burke's representative with full settlement authority to appear at the mediation.  Burke has arranged for her manager to attend the mediation and act in her place.  Burke is also available to appear by telephone.  Better Health contends that the Local Rules and the Court's Order require Burke to personally appear at the mediation.

While this Court typically requires personal attendance at mediation by every individual party, based upon the record before the Court, Burke may appear by telephone at the mediation for several reasons.  First, her counsel informed opposing counsel several months ago that she would be working in Los Angeles in March and would not appear in person.  Better Health does not address this important fact in their

2

response. Burke's counsel understandably relied upon this early notice in agreeing to a March mediation, knowing her schedule placed Burke in Los Angeles at that time. Second, Burke will have a representative physically present with full settlement authority. Third, Burke is a third-party Defendant, and therefore a less central figure in this action.

Accordingly, it is **ORDERED and ADJUDGED** as follows:

1. Plaintiff/Counter-Defendant BLB, Inc. and Third-Party Defendant Brooke Burke's Motion for a Protective Order Regarding Attendance of Brooke Burke at Mediation [DE 32] is hereby **GRANTED in part** and **DENIED in part**;

2. Defendant/Counter-Plaintiff/Third-Party Plaintiff Better Health Beverage, LLC's Request for Order Requiring Attendance of Brooke Burke at Mediation [DE 38] is hereby **GRANTED in part** and **DENIED in part**;

3. Third-Party Defendant Brooke Burke may appear at the mediation by telephone, as long as she has a representative present at the mediation with full settlement authority.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 8th day of March, 2012.

_____
JAMES I. COHN
United States District Judge

Copies furnished to:

counsel of record